ORIGINAL

Stephen Escondon Medina
(Name)

P.O. Box 5002
(Address)

Calipatria, CA   92233
(City, State, Zip)

CDC# E-63667
(CDC Inmate No.)



2354    1983
FILING FEE PAID
Yes_____ No___
IFP MOTION FILED
Yes ✓ No___
COPIES SENT TO
Court ✓ ProSe___

FILED

2008 MAY 20  PM 2:26

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# United States District Court
## Southern District of California

STEPHEN ESCONDON MEDINA                    ,
(Enter full name of plaintiff in this action.)

                                    Plaintiff,

        v.

Correctional Officer R. Hueso ,

Correctional Officer Castone ,

_____ ,

_____ ,
(Enter full name of each defendant in this action.)

                            Defendant(s).

)
)
)
)  '08 CV 0896 JLS RBB
)
)  Civil Case No._____
)  (To be supplied by Court Clerk)
)
)
)  Complaint under the
)  Civil Rights Act
)  42 U.S.C. § 1983
)
)
)
)

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
This Court has supplemental jurisdiction over Plaintiff's state law claim

(28 U.S.C. Section 1367)

## B. Parties

1. Plaintiff:  This complaint alleges that the civil rights of Plaintiff, Stephen Escondon
(print Plaintiff's name)
Medina                             , who presently resides at Calipatria State Prison,
(mailing address or place of confinement)
P.O. Box 5002, Calipatria, CALIFORNIA  92233          , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at California, while
being transported, in Southern CA on (dates) 07/18/07 , 07/18/07
(institution/place where violation occurred)           (Count 1)       (Count 2)

§ 1983 SD Form
(Rev. 2/05)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)
   **(Please see NOTE at bottom concerning identity of these defendants.)**

Defendant  R. Hueso                                resides in   unknown                          ,
                  (name)                                                    (County of residence)

and is employed as a   Correctional Officer                  . This defendant is sued in
                            (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law: Defendant Hueso is a Correctional Officer of the California

Department of Corrections who, at all times mentioned in this complaint, held

the rank of Search and Escort and was assigned to Calipatria state prison.

Defendant  Castone                                resides in   unknown                          ,
                  (name)                                                    (County of residence)

and is employed as a   Correctional Officer                  . This defendant is sued in
                            (defendant's position/title (if any))

his/her ☒☒ individual ☐ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law: Defendant Castone is a Correctional Officer of the California

Department of Corrections who, at all times mentioned in this complaint, held

the rank of Search and Escort and was assigned to Calipatria state prison

Defendant  No other defendants.                   resides in   Not Applicable.               ,
                  (name)                                                    (County of residence)

and is employed as a                                         . This defendant is sued in
                            (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law:     Not applicable.

Defendant  No other defendants.                   resides in   Not Applicable.               ,
                  (name)                                                    (County of residence)

and is employed as a                                         . This defendant is sued in
                            (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law:     Not applicable.

**NOTE:**

The full name and position/title of each defendant named herein is currently
unknown to Plaintiff. Prison officials at Calipatria State Prison refused to
disclose to Plaintiff the full names and position/titles of each defendant.
As such, until Plaintiff discovers each defendant's full identity, or unless
this Court instructs otherwise, Defendants will only be identified throughout
this complaint as <u>Defendant Hueso</u> and <u>Defendant Castone</u>.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated:  FREEDOM FROM UNHEALTHY OR

(E.g., right to medical care, access to courts,

DANGEROUS CONDITIONS (8TH AMENDMENT OF THE UNITED STATES CONSTITUTION)

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1. On July 18, 2007, Plaintiff Stephen Escondon Medina (hereafter "Plaintiff") appeared before Defendant Hueso and Defendant Castone in order to be transported to "Alvarado Hospital Medical Center"[1] for a scheduled medical appointment.  Per CDCR[2] transportation procedures, the defendants fastened waist-chains and leg-restraints to Plaintiff's person (See Restraint Draft, attached as Exhibit A) and then placed Plaintiff inside a CDCR transportation van.  As illustrated in Exhibit B, Plaintiff was seated near the back door of the van.  Plaintiff was the only prisoner being transported this date.

2. Upon being seated, Plaintiff requested to the defendants to be buckled-up with the seat-belt located in the seat he was placed in.[3] Neither defendant responded, nor did they secure the seat-belt to Plaintiff.  Plaintiff could not personally put the seat-belt on himself because of the restraints on his person.  Plaintiff was then transported to Alvarado Hospital, with Defendant Hueso driving.

3. About two hours later, Plaintiff arrived at Alvarado Hospital, and was taken inside to have his scheduled session with the doctor.  During the session, Plaintiff observed Defendant Castone teetering back and forth, while standing, just enough to be noticed.  Defendant Castone appeared to have a tired, exhausted look on his face.  Plaintiff also observed Defendant Castone close his eyelids on a few occasions for brief periods -- as if he were falling asleep.  Defendant Hueso was present in the doctor's room and also observed Defendant Castone's physical appearance and movements.

(SUPPORTING FACTS CONTINUED ON ADDITIONAL PAGES)

1. Location of hospital is currently unknown to Plaintiff.
2. CDCR designates California Department of Corrections and Rehabilitation.
3. Seat-belts were in plain view — enough to be noticed by Plaintiff upon entering the van.

Supporting Facts of Count 1:
(Continued)

4. Upon conclusion of the session, Plaintiff was taken back to the
transportation van and then placed inside.  Still restrained by the waist-
chains and leg-restraints, Plaintiff requested to be secured with a seat-belt.
The defendants did not respond to this, nor did they place a seat-belt on
Plaintiff.  At this time, Defendant Castone proceeded to maneuver the van
out of the parking space.  During this process, Defendant Castone tapped the
side of a car that was parked next to the van just enough to wobble the van.
Plaintiff almost fell out of his seat, but regained balance.  Defendant Castone
immediately stopped and then both defendants began to inspect the van and
parked car for possible damage.  Once the defendants finished their inspection,
they returned to the van and Defendant Castone proceeded to drive the van
back to Calipatria state prison.

5. While Defendant Castone drove, Plaintiff became aware of several cars
driving alongside the van that were honking.  Plaintiff then noticed that
Defendant Castone had slightly crossed-over to the right lane and had almost
hit a car.  Immediately fearing for his personal safety, Plaintiff stated
to Defendant Castone the following: "Hey man, you almost hit that car! What's
up officer? Let your partner drive.  I saw you practically falling asleep
when I was having my session with the doctor. Then you tapped that parked
car in the hospital's parking lot. Come on officer! I'm an old man, and I
have no seat-belt on back here. I'm going to get seriously hurt if you continue
to drive like this."  Plaintiff then asked the defendants if they could at
least pull over to put a seat-belt on him.  Again the defendants did not
respond, nor did they fasten a seat-belt on Plaintiff.

6. About 10 minutes later, Defendant Castone made a stop at a gas station.[4]
Defendant Hueso exited to pump gas into the van, and once he was done, Defendant
Castone proceeded to park the van in a parking space.  But as he maneuvered

_____
4. Exact name and location is currently unknown to Plaintiff.

4

Supporting Facts of Count 1:
(Continued)

the van into the space, it appeared Defendant Castone was having difficulty

straightening the van to align it into the space.  After making several

unsuccessful attempts, Defendant Castone became frustrated and suddenly

accelerated the van quickly forward, then reverse.  The back-end of the van

then rammed into a cylinder concrete block (See Gas Station Draft, attached

as Exhibit C).  The impact immediately flung Plaintiff head-first into the

inside back part of the van where many bolts were protruding (See Transportation

Van Draft,  Exhibit B).  One of the bolts punctured Plaintiff's head and

immediately knocked Plaintiff unconscious for what he believes was several

seconds.  When Plaintiff regained conscious, he found himself on the floor

of the van covered with blood.  A gush of blood was oozing down from his head

and he felt excruciating pain pulsating in his head.  Plaintiff noticed

Defendant Castone was still trying to park the van.  Plaintiff then kicked

the front section of the cage inside the van to alert the defendants of his

injury.  Defendant Castone finally parked and both defendants made their way

to Plaintiff.  Plaintiff requested that they call "911" because his head was

hurting alot and he was bleeding profusely.  The defendants placed a cloth

on Plaintiff's head and stated they would drive him to the Emergency Room

at Alvarado Hospital.  Defendant Hueso then drove to the hospital.

   7. Upon arrival to Alvarado Hospital, Plaintiff was taken to the Emergency

Room.  At approximately 3:53 p.m., Plaintiff was examined and treated by Dr.

Arnold Kremer Do for a Head Puncture Wound (See After-Care Instructions, dated

7/18/07, attached as Exhibit D).  After being treated and given a new prison

jumpsuit to put on (initial jumpsuit was covered with Plaintiff's blood),

Plaintiff was transported back to Calipatria state prison.  Again he was not

buckled-in with a seat-belt.  Defendant Hueso drove.

   8. As a result of this incident that occurred on this date, Plaintiff

sustained a permanent scar to his head.  Also, Plaintiff has been, and

Supporting Facts of Count 1:
(Continued)

continues to, suffer from pain and strong headaches as a result of this injury.

9. Upon information and belief, the defendants are obligated by federal law to restrain seat-belts on prisoners prior to operating a vehicle.

10. Upon information and belief, the defendants are trained to detect and prevent unsafe and dangerous driving patterns displayed by an officer that is operating a CDCR transportation vehicle.

11. Upon information and belief, the defendants are obligated by law and their employers to report accidents as they occur while performing their duties.

### CLAIMS FOR RELIEF FOR COUNT 1:

12. The defendants exercised Deliberate Indifference to Plaintiff's health and safety by refusing, for no reason, to fasten a seat-belt on Plaintiff. The defendants had actual knowledge and notice that Plaintiff was not restrained by a seat-belt when Plaintiff requested several times to have a seat-belt placed on him. Defendant Castone created a dangerous situation through his dangerous driving patterns, and without a seat-belt, the defendants exposed Plaintiff to likely injury up until he was eventually injured. The defendants further displayed Deliberate Indifference to Plaintiff's health and safety when they failed to fasten a seat-belt to Plaintiff after Plaintiff's injury.

13. Defendant Castone exercised Deliberate Indifference to Plaintiff's health and safety by failing to reasonably respond to his dangerous driving patterns. Defendant Castone had actual knowledge and notice of his dangerous driving patterns when he tapped a car in the parking lot of Alvarado Hospital, and when he almost hit a car while driving (which at that time Plaintiff made aware to him). Defendant Castone took no reasonable precautions to safely protect Plaintiff during the transportation up until Plaintiff's injury.

14. Defendant Hueso exercised Deliberate Indifference to Plaintiff's

Supporting Facts of Count 1:
(Continued)

health and safety by failing to reasonably respond to Defendant Castone's

dangerous driving patterns.  Plaintiff informed Defendant Hueso of Defendant

Castone's dangerous driving patterns, knew about Defendant Castone tapping

a parked car in Alvarado Hospital's parking lot, and observed Defendant Castone

practically falling asleep in the doctor's room.  Defendant Hueso did not

take no precautions to protect Plaintiff from Defendant Castone's dangerous

driving patterns as it was occurring.  Instead, Defendant Hueso continued

to allow Defendant Castone to drive up until the moment Plaintiff was injured.

15. As a result of the Deliberate Indifference exercised by the

aforementioned defendants, Plaintiff suffered harm to his head.  Plaintiff

sustained a puncture wound to his head, which has left permanent scarring

to his scalp.  Plaintiff has been, and continues to, suffer from pain and

strong headaches.

Count 2: The following civil right has been violated: <u>TORT OF NEGLIGENCE PER SE UNDER</u>

(E.g., right to medical care, access to courts,
<u>STATUTE OF CALIFORNIA FOR FAILURE TO SECURE PLAINTIFF WITH SEAT-BELT</u>
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) <u>VIOLATED STATUTE: CALIFORNIA VEHICLE CODE SECTION 27315.</u>

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

1. Plaintiff realleges and incorporates by reference Sections A, B, and the "Supporting Facts" in Section C, Count 1, of this complaint.

2. This claim is for "Negligence Per Se" of the defendants for their failure to restrain Plaintiff with a seat-belt during a transportation trip that occurred on 7/18/07, so as to cause injury to Plaintiff.

3. Under California Vehicle Code Section 27315, it was the duty of the defendants to restrain Plaintiff with a seat-belt prior to transporting Plaintiff in a moving vehicle.

4. On 7/18/07, the defendants disregarded their duty by negligently failing to restrain Plaintiff with a seat-belt. The defendants had actual knowledge and notice Plaintiff was not secured with a seat-belt when, on several occasions, Plaintiff requested to be restrained by one. The Defendants knew Plaintiff could not personally restrain a seat-belt on himself -- due to the mechanical restraints on his person -- but despite this knowledge and notice, defendants breached their duty owed to Plaintiff.

5. The defendants had actual knowledge and notice that Defendant Castone was driving dangerously when Plaintiff notified the defendants that because of Defendant Castone's driving, Defendant Hueso should instead drive. Driving patterns of Defendant Castone was enough to show that a car accident could likely occur, and as a result, without a seat-belt on his person, Plaintiff could likely suffer substantial harm or death. Despite this, the defendants took no precautions to protect Plaintiff by means of a seat-belt.

6. As a result of this incident, Plaintiff received a puncture wound to his head, and has suffered from permanent scarring and recurring headaches.

7. Failure to restrain Plaintiff with a seat-belt directly resulted in harm to Plaintiff, which constitutes a Tort of Negligence Per Se under the law of California.

<u>Count 3</u>:  The following civil right has been violated:_____

<span>(E.g., right to medical care, access to courts,</span>

_No other claims being raised._

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

No other claims being raised: Not Applicable.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____ Not Applicable. _____

Defendants: _____

(b)  Name of the court and docket number: _____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised: _____

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____


2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☒ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

Plaintiff used the prisoner grievance procedure available at Calipatria State
Prison, CA 92233, to try and solve the problem. On 2/5/08, Plaintiff's
grievance was formally exhausted at the Director's Level. On 2/29/08, the
Victim Compensation and Government Claims Board filed its decision regarding
Plaintiff's filed claim regarding this incident. Plaintiff's grievance and
filed claim were both rejected. Thus, Plaintiff has sought and formally
exhausted available administrative remedies.

_____

§ 1983 SD Form
(Rev. 2/05)

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): <u>Not applicable. Plaintiff is</u> <u>not requesting injuctive relief.</u>

2. Damages in the sum of $ <u>12,500.00</u> .

3. Punitive damages in the sum of $ <u>12,500.00</u> .

4. Other: <u>(a) Plaintiff's costs in this suit; (b) Any additional</u> <u>relief this Court deems just, proper, and equitable.</u>

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☒ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

<u>5-18-08</u>
Date

*Stephen E. Medina*
Signature of Plaintiff
Stephen Escondon Medina
CDC# E-63667
PO Box 5002
Calipatria, CA  92233

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true.  I certify under penalty of perjury that the foregoing is true and correct.

Executed at Calipatria State Prison in California, 92233, on _May 18, 2008_ .

Stephen Escondon Medina
CDC# E-63667
PO Box 5002
Calipatria, CA  92233

12

## EXHIBIT TABLE OF CONTENTS

EXHIBIT "A":
    RESTRAINT DRAFT


EXHIBIT "B":
    TRANSPORTATION VAN DRAFT


EXHIBIT "C":
    GAS STATION DRAFT


EXHIBIT "D":
    AFTER-CARE INSTRUCTIONS, DATED 7/18/07

**E X H I B I T    " A "**



Handcuffs — connected to Waist-Chain Restraints

Waist-Chain Restraints

Handcuff Clamp Box

Leg Restraints

**RESTRAINT DRAFT:**

NOTE: This draft is not intended to be an actual representation of Plaintiff and the restraints described in the complaint. Actual proportions and components of restraints may vary in real life. This Draft is submitted only to help reviewer better understand the Supporting Facts described in the complaint.

E X H I B I T    " B "



# FRONT

DRIVER SEAT

FRONT PASSANGER SEAT

MIDDLE SEAT FOR PRISONER ONLY

DOOR ENTRANCE

CAGE

SEATS

PLAINTIFF INITIALLY SEATED HERE

IMPACT FLUNG PLAINTIFF THIS DIRECTION HEAD-FIRST. INJURY OCCURRED HERE

**TRANSPORTATION VAN DRAFT:**

NOTE: This Draft is not intended to be an actual representation of the van described in the complaint. Actual proportions and fixtures of van may vary in real life. This Draft is submitted to help reviewer better understand the Supporting Facts.

BACK DOOR ENTRANCE
(BOLTS ARE PROTRUDING IN MANY AREAS HERE)

**BACK REAR**

**E X H I B I T    " C "**



EVENTS:
1. EXITS OFF-RAMP
2. ENTERS GAS STATION. PUMPS GAS.
3. PROCEEDS TO PARK IN SPACE. VAN IS NOT STRAIGHT WITH PARKING SPACE. DEFENDANT CASTONE GOES FORWARD AND REVERSE SEVERAL TIMES IN ATTEMPT TO STRAIGHTEN VAN.
4. ACCELERATES QUICKLY FORWARD, THEN REVERSE. HITS THIS CYLINDER CONCRETE BLOCK. POINT OF IMPACT IMMEDIATELY SENDS PLAINTIFF FLYING TO BACK DOOR. INJURY OCCURS.

**GAS STATION DRAFT:**

NOTE: This draft is not intended to be an actual representation of the gas station described in the complaint. Actual streets, measurements, fixtures, and structures may vary in real life. This Draft is submitted only to help reviewer better understand the Supporting Facts described in the complaint.

E X H I B I T    " D "

RECEIVED CAL APPEALS NOV 2 0 2007



# AFTER CARE INSTRUCTIONS

Patient: **stephen medina**                                                     **July 18, 2007 3:53 PM**

PLEASE NOTE that the examination and treatment you received here have been rendered on an emergency basis.   It is not intended to be a substitute for complete medical care.  It is important that you be rechecked as recommended.  Promptly report any new or remaining problems, since it is impossible to recognize and treat all elements of an injury or illness in a single visit.

---

DIAGNOSIS INSTRUCTIONS

### PUNCTURE WOUND OF THE SKIN

**DIAGNOSIS: You have a puncture wound of the skin. A puncture wound has a high incidence of infection because it frequently has bacteria, clothing or other material embedded deep in the wound. It is very important to observe for symptoms of infection which include redness, red streaks up an extremity, pain, swelling and/or drainage of pus. Follow up with a physician is important.**

**INSTRUCTIONS: If an extremity is injured, elevate to prevent swelling. Soak area in warm water 4 times a day for 10-15 minutes. Change the dressing after each soak and watch for infection. Do not prevent drainage by using an ointment or other type of occlusive dressing. (Gauze or other type of airy dressing is best.)**

**Cleanse with peroxide if crusting or scabbing occurs.**

**CONTACT THE DOCTOR IF: you develop symptoms of infection as mentioned above.**

---

CALL THE FOLLOWING NUMBER(S) TO ARRANGE FOLLOWUP CARE IN 1-2days DAY(S).
   **Donovan Dr. for recheck**

Treating Physician: **ARNOLD KREMER DO**

Calipatria State Prison

SEP 1 0 2007

Health Records
Inmate Copy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Stephen Escondon Medina**

FILING FEE PAID
Yes  No
IFP MOTION FILED
Yes  No
COPIES SENT TO:
Court

FILED
2008 MAY 20  PM 2:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**Hueso, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stephen Escondon Medina
PO Box 5002
Calipatria, CA 92233
E-63667

ATTORNEYS (IF KNOWN)

'08 CV 0896 JLS RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only) **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ ___   Check YES only if demanded in complaint:  JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE ___   Docket Number ___

DATE    May 20, 2008    SIGNATURE OF ATTORNEY OF RECORD

CR