1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  MICHELLE DES JARDINS
   Supervising Deputy Attorney General
5  TIFFANY R. HIXSON, State Bar No. 237309
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2615
    Fax: (619) 645-2581
9   Email: Tiffany.Hixson@doj.ca.gov

10 Attorneys for Defendant R. Hueso

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 **STEPHEN ESCONDON MEDINA,**              Case No. 08 CV 0896 JLS (RBB)

16                            Plaintiff,     **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN SUPPORT OF**
17            v.                             **DEFENDANT'S MOTION TO**
                                             **DISMISS THE COMPLAINT**
18 **R. HUESO,**
                                             Hearing:      September 15, 2008
19                           Defendants.     Time:         10:00 a.m.
                                             Courtroom:    B
20                                           Judge:        The Honorable Ruben B.
                                                           Brooks
21

22        Plaintiff filed his original Complaint in this matter on May 20, 2008. (Doc. 1.) This

23 Court ordered service of Plaintiff's Complaint on June 9, 2008. (Doc. 4.) Defendant R. Hueso

24 submits the following Motion to Dismiss the First Amended Complaint on the ground that

25 Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform

26 Act.

27 ///

28 ///

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.          Case No. 08CV0896 JLS RBB

1

1

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

2     Plaintiff alleges that on July 18, 2007, he was transported to Alvarado Hospital

3  Medical Center from Calipatria State Prison by Defendants Castone[1] and Hueso. (Compl. ¶ 1.)

4  Plaintiff avers California Department of Corrections and Rehabilitation procedures require

5  Plaintiff to wear waist chains and leg restraints during the transfer. (*Id.*) Plaintiff alleges he

6  specifically asked Defendants to fasten his seatbelt, but was ignored by Defendants. (*Id.* at ¶ 2.)

7  Plaintiff claims he could not fasten the seatbelt himself due to the nature of his restraints. (*Id.*)

8  Defendant Hueso drove from Calipatria to Alvarado Hospital without incident. (*Id.*)

9     While Plaintiff was visiting with his doctor at Alvarado Hospital, he observed

10  Defendant Castone appearing to be exhausted by closing his eyes and "teetering back and forth,

11  while standing." (*Id.* at ¶ 3.) Plaintiff claims Defendant Hueso also observed Defendant

12  Castone's conduct. (*Id.*)

13     After Plaintiff's appointment, he claims he was taken back to the vehicle where he

14  again requested to be fastened into a seatbelt; however, Defendants again ignored his request.

15  (*Id.* at ¶ 4.) The driver, Defendant Castone, upon pulling out tapped another car. (*Id.*) During

16  the drive back to Calipatria, several cars honked their horns at Defendant Castone because he

17  crossed over into the next lane and almost hit a car. (*Id.* at ¶ 5.) Plaintiff told Defendant Castone

18  to let Defendant Hueso drive and again requested a seatbelt. (*Id.*) Defendants again ignored

19  Plaintiff's request for a seatbelt. (*Id.*)

20     Defendant Castone stopped at a gas station in order to get gas. (*Id.* at ¶ 6.) After

21  filling up with gas, Defendant Castone proceeded to park the vehicle. (*Id.*) However, Defendant

22  Castone had difficulties parking the vehicle, got frustrated, accelerated and rammed the vehicle

23  into a concrete block. (*Id.*) The impact caused Plaintiff to fall out of his seat, head-first, into the

24  back where Plaintiff hit his head on a bolt and was knocked unconscious. (*Id.*) Once Plaintiff

25  regained consciousness, he found himself on the floor of the vehicle covered in blood. (*Id.*)

26

27

28     1. Defendant Castone has not been served in this matter. However, even if Plaintiff manages
to serve Defendant Castone, he has not exhausted his administrative remedies as to any Defendant;
therefore, it would be futile for this case to continue.

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.          Case No. 08CV0896 JLS RBB

2

1 | Defendants noticed Plaintiff on the floor, came to his assistance, placed a cloth on his head and

2 | drove him to the emergency room. (*Id.*)

3 |      Plaintiff was treated and released from the emergency room. (*Id.* at ¶ 7.) On the way

4 | back to Calipatria State Prison, Plaintiff was again left without a seatbelt. (*Id.*) Plaintiff suffered

5 | a scar and continues to suffer severe headaches. (*Id.* at 8.)

6 | **ARGUMENT**

7 | **I.    PLAINTIFF'S SHOULD BE DISMISSED BECAUSE HE**
**FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

8 |

9 | **1.    Applicable Legal Standard for an Unenumerated 12(b) Motion**

10 |      The Ninth Circuit has held that the failure to exhaust nonjudicial remedies "should be

11 | treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." *Wyatt v.*

12 | *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Authority for the "unenumerated" 12(b) motion

13 | derives from this Court's inherent power to regulate actions, including authorizing motions not

14 | explicitly recognized by the rules. *Ritza v. Int'l Longshoremen's and Warehousemen's Union,*

15 | 837 F.2d 365, 369 (9th Cir. 1988). "In deciding a motion to dismiss for failure to exhaust

16 | nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of

17 | fact." *Wyatt,* F.3d at 1119-1120. Because no presumption of truthfulness attaches to Plaintiff's

18 | allegations in such matters, the court may resolve any disputed material facts before proceeding

19 | further. *Ritza,* 837 F.2d at 368-69. If the court concludes that the prisoner has not exhausted

20 | nonjudicial remedies, the proper remedy is dismissal of the claim. *Wyatt,* 315 F.3d at 1120.

21 |      Under *Wyatt*, *Ritza*, and the other authorities cited above, in ruling on this motion, the

22 | Court may properly look to the declarations of D. Bells, Appeal's Coordinator at Calipatria State

23 | Prison, and T. Emigh, Chief of the Inmate Appeals Branch. The evidence supporting this motion

24 | demonstrates that Plaintiff did not file an appeal challenging Defendant Hueso's alleged actions.

25 | As such, Plaintiff did not exhaust the grievance process, and the Court should grant this motion

26 | to dismiss.

27 | ///

28 | ///

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.    Case No. 08CV0896 JLS RBB

3

1      **2.     Plaintiff Failed to Exhaust His Administrative
              Remedies as Required by the Prison Litigation Reform Act.**

2

3          The plain language of 42 U.S.C. § 1997e(a) mandates exhaustion of administrative

4   remedies *prior to* filing the complaint in federal court. *McKinney v. Carey,* 311 F.3d 1198, 1199

5   (9th Cir. 2002) (emphasis added).  The Prison Litigation Reform Act ("PLRA") amended

6   42 U.S.C. § 1997e to require exhaustion of administrative remedies under all circumstances in

7   § 1983 actions brought by prisoners:

8                  No action shall be brought with respect to prison conditions under
                   section 1983 of this title, or any other Federal law, by a prisoner
9                  confined in any jail, prison, or other correctional facility until such
                   administrative remedies as are available are exhausted.

10

11         In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that this

12  amendment "eliminated both the discretion to dispense with administrative exhaustion and the

13  condition that the appeals process be 'plain, speedy and effective' before exhaustion could be

14  required."  Moreover, the *Booth* court held that Congress mandated exhaustion clearly enough,

15  regardless of the relief offered through administrative procedures, even where the relief sought by

16  a prisoner cannot be granted by the administrative process.  *Id.* at 734.  Thus, exhaustion of

17  administrative remedies is a prerequisite to suit.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

18         In a recent decision, the Supreme Court made clear that procedural rules, including

19  deadlines for submitting prison administrative appeals, must be observed to properly exhaust the

20  administrative process under the PLRA.  *Woodford v. Ngo*, 128 S. Ct 2378, 2385 (U.S. 2006).

21  The Court reasoned that "administrative law requires proper exhaustion of administrative

22  remedies, which means using all steps that the agency holds out, and doing so properly, so that

23  the agency addresses the issues on the merits."  *Id.*  Thus, exhaustion under the California

24  Department of Correction and Rehabilitation's administrative appeals process "demands

25  compliance with [its] deadlines and other critical procedural rules because no adjudicative

26  system can function effectively without imposing some orderly structure on the course of its

27  proceedings."  *Id.* at 2386.

28         The State of California provides its prisoners and parolees the right to administratively

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.          Case No. 08CV0896 JLS RBB

4

1  appeal "any departmental decision, action, condition or policy perceived by those individuals as

2  adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust available

3  administrative remedies, a prisoner must proceed through an initial informal level, and three

4  formal levels of review, culminating in a Director's Level Decision. *Id.* at § 3084.5; *Barry v.*

5  *Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal.1997). A prisoner must submit his or her grievance

6  within fifteen working days of the event complained of. Cal. Code Regs. tit. 15, § 3084.6(c).

7        The declarations of D. Bell and T. Emigh prove that Plaintiff failed to exhaust

8  administrative remedies. (*See generally*, Decl. of T. Emigh, Decl. of D. Bell.) Specifically, D.

9  Bell confirms that Plaintiff did in fact file an inmate appeal related to the claims in this lawsuit;

10 however, he filed it nearly four months late. (Decl. of D. Bell ¶¶ 4-6, Exhibit A.) Therefore,

11 Plaintiff's inmate appeal was screened out as untimely. (*Id.* at ¶ 6.) Plaintiff claims, in his

12 Complaint, that his appeal was exhausted at the Director's level on February 5, 2008. (Compl. at

13 p. 10.) However, the Declaration of T. Emigh, Director of the Inmate Appeal's Branch, indicates

14 that Plaintiff only exhausted one appeal at the third level. (Decl. of T. Emigh ¶ 7.) This appeal

15 was exhausted in May of 2006 - prior to the date of the incident in the Complaint. (*Id.*)

16 Therefore, Plaintiff has failed to exhaust administrative remedies. Furthermore, this lawsuit

17 should be dismissed *with* prejudice because the time limits to appeal have expired. *See Janoe v.*

18 *Garcia*, 2007 WL 1110914, at * 8-9 (S.D. Cal. March 29, 2007).

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.     Case No. 08CV0896 JLS RBB

5

1

## CONCLUSION

2      In conclusion, Defendant Hueso respectfully requests this Court grant the motion to

3  dismiss because Plaintiff failed to exhaust his administrative remedies.  Moreover, Defendants

4  request the dismissal be with prejudice due to Plaintiff's failure to timely file an inmate appeal.

5      Dated:  July 31, 2008

6                                 Respectfully submitted,

7                                 EDMUND G. BROWN JR.
                                   Attorney General of the State of California

8                                 DAVID S. CHANEY
                                   Chief Assistant Attorney General

9                                 ROCHELLE C. EAST
10                                 Senior Assistant Attorney General

11                                 MICHELLE DES JARDINS
                                   Supervising Deputy Attorney General

12

13                                 s/Tiffany R. Hixson

14

15                                 TIFFANY R. HIXSON
                                   Deputy Attorney General
                                   Attorneys for Defendant R. Hueso

16

17
       70132141.wpd
18     SD2008700629

19

20

21

22

23

24

25

26

27

28

---

Points and Authorities in Support of Def.'s Mot. to Dismiss the Compl.          Case No. 08CV0896 JLS RBB

1             **DECLARATION OF SERVICE BY U.S. MAIL**

2   Case Name:    **Medina, Stephen Escondon v. R. Hueso, et al.**

3   No.:    **08CV0896 JLS RBB**

4   I declare:

5   I am employed in the Office of the Attorney General, which is the office of a member of the
    California State Bar, at which member's direction this service is made. I am 18 years of age or
6   older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O.
    Box 85266, San Diego, CA 92186-5266.

7

8   On August 12, 2008, I served the attached **MEMORANDUM OF POINTS AND
    AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE
    COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon
9   fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

10

    Stephen Escondon Medina
11   E-63667
    Calipatria State Prison
12   P. O. Box 5005
    7018 Blair Road
13   Calipatria, CA 92233-5005

14   ***In Pro Per***

15   I declare under penalty of perjury under the laws of the State of California the foregoing is true
    and correct and that this declaration was executed on August 12, 2008, at San Diego, California.

16

17         D. Daswani

18          Declarant                          Signature

19   70133316.wpd

20

21

22

23

24

25

26

27

28