Stephen Escondon Medina
CDC# E-63667
P.O. Box 5002
Calipatria State Prison
Calipatria, CA 92233

Incarcerated Prisoner
Proceeding In Pro Per

NUNC PRO TUNC
AUG 22 2008

FILED
2008 AUG 27 PM 4:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ESCONDON MEDINA,<br>　　　　Plaintiff,<br>v.<br>CORRECTIONAL OFFICER<br>R. HUESO, et al.,<br>　　　　Defendants. | CASE NO.: 08-CV-0896 JLS RBB<br><br>MOTION FOR INITIAL DISCOVERY<br>PURSUANT TO FEDERAL RULES OF<br>CIVIL PROCEDURE 26(b)(1) WITH<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT THEREOF |

　　In accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Stephen Escondon Medina respectfully requests that this Court issue an order directing LARRY SMALL, Warden at Calipatria State Prison, California 92233, to produce the full name and rank of the defendant that has previously been identified as "Castone" in this action.

　　Discovery is necessary because:

　　1. On 7/22/08, Plaintiff received from the U.S. Marshal's office Plaintiff's summons and complaint for Defendant Castone. Service of Process was "unexecuted" because Calipatria State Prison -- Defendant Castone's employer -- states he was never employed at Calipatria State Prison.

　　2. Plaintiff has been misled by this defendant's employers, for they have previously provided the name Plaintiff has identified Defendant Castone with.

　　3. Plaintiff, who is representing himself on a pro se basis, is unaware of Defendant Castone's true identity. Discovery is needed in order to properly serve this Defendant. Defendant "Castone" is an integral party to Plaintiff's complaint, and prejudice will ensue if he is not allowed to serve this defendant.

　　4. Plaintiff has successfully served process on the remaining defendant in this action (Defendant R. Hueso).

1.

Plaintiff requests that Calipatria State Prison Warden LARRY SMALL produce information that would enable Plaintiff to identify this defendant.  The following information is provided to Warden LARRY SMALL to help locate this defendant:

> (a) Plaintiff was transported to Alvarado Hospital Medical Center for a scheduled appointment on 7/18/07. Defendants R. Hueso and "Castone" were the officers that transported Plaintiff.
>
> (b) Plaintiff is currently incarcerated at Calipatria State Prison.  On 7/18/07, Defendants were employed at Calipatria State prison.  Plaintiff was a prisoner at Calipatria State prison on 7/18/07.

Executed on August 17, 2008, at Calipatria State Prison.

By: *Stephen E. Medina*
Stephen Escondon Medina
Plaintiff/Movant
CDC# E-63667
P.O. Box 5002
Calipatria State Prison
Calipatria, CA  92233

In Pro Per

2.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR INITIAL DISCOVERY

INTRODUCTION

Plaintiff served Defendant Castone by U.S. Marshall. Service was not executed due to Defendant Castone not being employed at Calipatria State Prison. Plaintiff has attempted to confirm the true identity of this defendant known to him as "Castone" with no success to date. The name "Castone" was originally provided to Plaintiff by Calipatria State Prison employees - Defendant "Castone's" employers. At this point, discovery is needed to obtain information that would enable Plaintiff to properly serve process on this defendant.

I.

AN ORDER DIRECTING CALIPATRIA STATE PRISON WARDEN LARRY SMALL TO PRODUCE INFORMATION ON DEFENDANT CURRENTLY KNOWN AS "CASTONE" IS WARRANTED

Up to this point, Plaintiff has identified "Castone" as a defendant in this action. Defendant Castone's employers -- Calipatria State Prison -- previously provided the name Plaintiff has identified Defendant Castone with. Clearly, Plaintiff has been misled and mistaken in the identity of Defendant Castone. As a result, Plaintiff has been unable to serve this defendant with the summons and complaint in this action.

Federal Rules of Civil Procedure 26(b)(1) permits initial discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party...[t]he identity and location of persons" is permitted for discovery to a party.

The defendant known as "Castone" is an integral party to this action. This defendant is the person whom caused injury to Plaintiff, and is identified as the perpetrator in Plaintiff's 42 U.S.C. 1983 action. Because the U.S. Marshall was unable to serve process on this defendant due to him not being correctly named as a defendant, discovery at this point becomes relevant and necessary.

In <u>Murphy v. Kellar</u>, 950 F.2d 284 (5th Cir. 1992), the Court found that the district court improperly dismissed Murphy's action without allowing Murphy to conduct discovery. In dicta, the Court stated the following:

3.

"It is conceivable that, if [Murphy] were allowed to conduct discovery, Murphy would be able to adequately identify at least one of the officers allegedly involved in each of the beatings -- namely "Gray," "Dupree," and/or "Sgt. Lata." The information that would enable Murphy to identify his alleged attackers -- e.g., duty rosters and personnel records -- may be readily obtainable. To provide Murphy with the means to adequately identify his attackers and conclusively resolve this issue, we therefore reverse and remand and direct the district court to allow Murphy to conduct discovery."

Murphy v. Kellar, 950 F.2d at 293.

Because Plaintiff has been unable to adequately identify Defendant "Castone," he should be allowed to conduct discovery. Calipatria State Prison Warden Larry Small -- Defendant Castone's employer -- should be ordered by this Court to provide any and all information that would enable Plaintiff to identify and serve process on this defendant.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that an order be issued to Calipatria State Prison Warden Larry Small to produce information that would enable Plaintiff to identify Defendant "Castone."

Dated: 8-17-08

Stephen Escondon Medina
Plaintiff/Movant
CDC# E-63667
P.O. Box 5002
Calipatria State Prison
Calipatria, CA  92233

In Pro Per

4.

Medina v. Hueso, et al.
Case No: 08-CV-0869 JLS RBB

# **VERIFICATION**

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

_____

I, Stephen E. Medina (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALY OF PERJURY THAT: I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 17 DAY OF August 2008 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) Stephen E. Medina
DECLARANT/PRISONER

---

## PROOF OF SERVICE BY MAIL

I, Stephen E. Medina (C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746) AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.
ON August 17 2008 IS SERVED THE FOREGOING: Notice of Motion; Ex Parte Motion for Extension of Time; Notice of Motion; Motion for Discovery

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

Tiffany R. Hixson
Deputy Attorney General
P.O. Box 85266
San Diego, CA 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE August 17, 2008    STEPHEN E. MEDINA
(DECLARANT / PRISONER)