Stephen Escondon Medina
CDC# E-63667
P.O. Box 5002
Calipatria State Prison
Calipatria, CA  92233

Incarcerated Prisoner
Proceeding In Pro Per

**NUNC PRO TUNC**
**AUG 29 2008**

FILED
2008 SEP -4 AM 10:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ESCONDON MEDINA,<br>      Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICERS<br>R. HUESO, et al.,<br>      Defendants. | CASE NO.: 08-CV-0896 JLS RBB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO OPPOSE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT<br><br>Hearing:   September 15, 2008<br>Time:   10:00 a.m.<br>Courtroom:   B<br>Judge:   The Honorable Ruben B. Brooks |

### INTRODUCTION

This is a 42 U.S.C. §1983 action filed by Plaintiff Stephen Escondon Medina, a prisoner at Calipatria State Prison, seeking damages based on a physical injury that occurred as a result of the Defendants' Deliberate Indifference and Negligence. Defendant R. Hueso has filed a motion to dismiss the complaint against Plaintiff arguing that Plaintiff failed to exhaust his administrative remedies. Plaintiff submits the following motion to oppose dismissal of the complaint on the ground that Plaintiff has exhausted his administrative remedies, as required by the Prison Litigation Reform Act. 42 U.S.C. §1997e(a).

### STATEMENT OF THE CASE

On 7/18/07, Plaintiff was transported to Alvarado Medical Center from Calipatria State Prison by Defendants Castone and Hueso. During the transportation, Plaintiff sustained physical injury as a result of the actions of Defendant Castone and Hueso. Plaintiff contends that Defendants Castone and Hueso were deliberately indifferent and negligent to Plaintiff's safety by subjecting Plaintiff to unhealthy and dangerous conditions by refusing to fasten a seatbelt on Plaintiff in light of Defendant Castone's dangerous driving patterns.

1.

<u>ARGUMENT</u>

I. PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED BECAUSE HE EXHAUSTED ADMINISTRATIVE REMEDIES.

1. APPLICABLE AUTHORITY:

The Prison Litigation Reform Act (PLRA) exhaustion requirement says:

> No action shall be brought with respect to prison conditions under [42 U.S.C. §1983] ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a)(2000).

The U.S. Supreme Court has ruled that the PLRA makes exhaustion of the grievance system mandatory. See <u>Woodford v. Ngo</u>, ___U.S.___, 126 S.Ct. 2378, 2393 (2006). A California state prisoner exhausts his administrative remedies by taking a CDC-602 form all the way to the top of the internal 602 appeal process. <u>Barry v. Ratelle</u>, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997). However, if a California prisoner files a 602 and gets no response, the prisoner has exhausted for purposes of applying the PLRA requirement. See <u>Brookins v. Vogel</u>, 2006 WL 3437482, at *3 (E.D. Cal. Nov. 28, 2006)(holding that a prisoner who filed a grievance, got no response, and was told it had never been received, and whose subsequent attempts were rejected as untimely, had exhausted because he was "prevented from complying with the exhaustion requirement").

In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-1120 (9th Cir. 1988). Thus, in ruling on this motion, the Court may properly look to the declaration of Plaintiff. Plaintiff's declaration, along with its supporting exhibits, demonstrates that Plaintiff did file an appeal challenging Defendant Hueso's and Castone's actions. As such, because Plaintiff attempted to properly exhaust his administrative remedies, but was not given a response and later told his 602 was rejected as untimely, this Court should grant this motion and permit Plaintiff to proceed. At minimum, if the Court concludes that Plaintiff has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim <u>without prejudice</u>, meaning Plaintiff should be permitted to pursue exhaustion of his 602 and be allowed to come back to this

Court once he has properly exhausted. See <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (Holding that the proper remedy is dismissal of the claim without prejudice, once a court concludes that the prisoner has not exhausted nonjudicial remedies).

    2. APPLICATION:

As Plaintiff stated in his written declaration, he initially filed a 602 grievance regarding the injury that had occurred, immediately following the incident. This was well within the fifteen working day requirement set forth in Cal. Code Regs. tit. 15 § 3084.6(c). However, Plaintiff did not receive any type of response or notice indicating that his 602 had been received or reviewed. Cal. Code Regs. tit. 15 § 3084.6(b) specifically states that "Appeals shall be responded to and returned within the following time limits:

>  (1) Informal level responses shall be completed within ten working days.

Plaintiff filed his initial 602 on 7/24/07, but he did not recieve any response within 10 working days. Since he did not receive any response, it must be assumed that no levels of review were waived. See Cal. Code Regs. tit. 15§ 3084.5(a), (b), and (c).

Plaintiff attempted to file a duplicate 602 with the Appeals Coordinator at Calipatria on 8/10/07. This was done because his initial 602 filed on 7/24/07 went unanswered. However, this 602 went unanswered as well. This fact is established by GA-22 "Inmate Request For Interview" forms he submitted to the Appeals Coordinator inquiring about the status of the 602. These GA-22 forms went unresponded as well.

Eventually, after discovering the names of the defendants in this action, Plaintiff would receive a response to his 602. However, on 11/30/07, the 602 was screened-out as untimely. On 12/6/07, Plaintiff submitted a letter to the Appeals Coordinator explaining the events that led up to him filing "late." These events are set forth in Plaintiff's declaration. However, after not receiving a response to his explanation letter, Plaintiff submitted the 602 to the Director of Department of Corrections and Rehabilitation. On 2/5/08, the Director entered a decision on Plaintiff's 602, namely, refusing to accept it for review because the appeal was rejected as untimely.

Plaintiff has, for all purposes of applying the PLRA exhaustion requirement, exhausted administrative remedies. Like the prisoner in Brookins v. Vogel, 2006 WL 3437482, at *3, who the court in that case found that he had exhausted administrative remedies because he was "prevented from complying with the exhaustion requirement," Plaintiff was prevented from timely filing his 602 because his initial 602s filed with Calipatria prison officials went unresponded. When his fourth 602 was finally responded to, Plaintiff's 602 was rejected as untimely. In light of this, Plaintiff still attempted to comply with screen-out procedures by explaining the events that made his fourth 602 "untimely." However, this letter went unanswered. Not knowing what else to do, Plaintiff submitted his 602 to the Director's level for review.

Because prison officials failed to respond to Plaintiff's 7/24/07 602 within the policy time limits, and because Plaintiff attempted to pursue his 602 despite his unresponded submissions, this Court should find that Plaintiff has exhausted because he was "prevented from complying with the exhaustion requirement. Brookins v. Vogel, supra. This Court should take notice of other decisions where the courts allowed claims to go forward despite failures to exhaust in complete compliance with grievance rules. See Parker v. Robinson, 2006 WL 2904780, at *8, 11 (D. Me. Oct. 10, 2006); Thomas v. Hickman, Slip Copy, 2006 WL 2868967, at *9 (E.D. Cal. Oct. 6, 2006). "The exhaustion requirement is a gatekeeper, not a 'gotcha' meant to trap unsophisticated prisoners who must navigate the administrative process pro se." Hooks v. Rich, 2006 WL 565909, at *5 (S.D. Ga. Mar. 7, 2006).

## CONCLUSION

In conclusion, Plaintiff Stephen Medina respectfully requests that this Court finds that Plaintiff has exhausted his administrative remedies. Furthermore, Plaintiff respectfully requests that his complaint be allowed to go forward.

DATED: August 25, 2008                Respectfully submitted,

*/s/ Stephen Medina*
STEPHEN ESCONDON MEDINA
PLAINTIFF/MOVANT

4.

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, **Stephen E. Medina** (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE **Plaintiff** IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS **25** DAY OF **August** 2008 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) *Stephen Medina*
DECLARANT/PRISONER

---

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, **Stephen E. Medina** AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON **August 25** 2008 IS SERVED THE FOREGOING:

**Memorandum Of Points And Authorities In Support Of Plaintiff's Motion To Oppose Defendant's Motion To Dismiss The Complaint**

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

Tiffany R. Hixson
Deputy Attorney General,
110 West A Street, Suite 1100
San Diego, CA 92101
(Attorney for Defendant R. Hueso)

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE **August 25**, 2008    **STEPHEN E. MEDINA**
(DECLARANT / PRISONER)