EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TIFFANY R. HIXSON, State Bar No. 237309
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2615
 Fax: (619) 645-2581
 Email: Tiffany.Hixson@doj.ca.gov

Attorneys for Defendants R. Hueso

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN ESCONDON MEDINA,**<br><br>Plaintiff,<br><br>v.<br><br>**R. HUESO,**<br><br>Defendants. | Case No.: 08CV0896 JLS RBB<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Judge:   The Honorable Ruben B. Brooks |

Defendant R. Hueso respectfully submits the following reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint in this case. The Complaint should be dismissed because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

Defendant has proven that Plaintiff has failed to exhaust administrative remedies. (*See generally*, Decl of D. Bell and Decl. of T. Emigh.) The Supreme Court had made it abundantly clear that procedural rules, including deadlines for submitting appeals, must be observed to properly exhaust administrative remedies. *Woodford v. Ngo*, 458 U.S. 81, 89, 128 S.Ct. 2378,

2385 (2006). In order to exhaust administrative remedies under the California Department of Corrections and Rehabilitation's procedures, a prisoner must proceed through four levels of review - one informal and three formal. Cal. Code Regs. tit. 15, § 3084.1(a). In certain circumstances, the informal level and first formal level of review are bypassed. *Id.* at §§ 3084.5(a)(3), 3084.5(b)(1)-(4). For all grievances, however, the administrative process is completed, or exhausted, only after the inmate receives a decision from the Director of Corrections. Cal. Dep't. of Corrections Operations Manual, Chpt. 5, § 54100.11 ("Levels of Review); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997). Moreover, a prisoner must submit his initial appeal within fifteen working days of the event complained of. *Id.* at § 3084.6(c).

The Declaration of D. Bell indicates that Plaintiff submitted one appeal related to the allegations in his Complaint. (Decl. of D. Bell ¶¶ 4-6, Exhibit A.) However, the appeal was filed nearly four months late and was screened out as untimely. (*Id.*) Plaintiff argues that his attempts to exhaust were unanswered by prison officials and therefore, he should be excused from the exhaustion requirement. (*See generally*, Pl.'s Opp'n.) This argument, however, is contrary to Supreme Court precedent requiring proper exhaustion (*Woodford* at 2382), as well as the Supreme Court's instruction that the federal courts should not read futility exceptions into the exhaustion requirement where Congress has not provided for them (*Booth v. Churner*, 532 U.S. 731 at 741 n.6 (2002)).

Plaintiff indicates that he first filed an appeal on July 24, 2007. (Decl. of Pl. ¶ 3.) He states he addressed his appeal to "Calipatria Transportation Officers." (*Id.* at 4.) However, per the regulations, Plaintiff was required to address his appeal to the appeals coordinator. Cal. Code Regs. tit. 15 § 3084.2(c). It appears Plaintiff was attempting to file an "informal appeal" rather than a "formal appeal." However, complaints alleging misconduct by staff bypass the informal level and are to be forwarded directly to the appeals coordinator. *Id.* at 3084.5(a)(3)G). Thus, Plaintiff has admitted he failed to comply with the procedural requirements.

Plaintiff admits the first time he even attempted to file a proper appeal, with the appeals coordinator, was on August 10, 2007 - almost a month late. (Decl. of Pl. ¶ 6.) Plaintiff's

excuse is that he was working to seek the names of the Defendants. However, the regulations, as currently written, do not require Plaintiff to specifically name each Defendant. *See* Cal. Code Regs. tit. 15 §§ 3084-3084.7. The Supreme Court, in *Jones v. Bock*, has recently clarified that exhaustion is not necessarily inadequate because an inmate failed to specifically name the defendants in his grievance. *Jones v. Bock*, 127 S. Ct. 910, 922 (2007). Moreover, prior to the *Jones* ruling, this District has held that an inmate's grievance need only put departmental officials on notice of potential claims. *See Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1134-35 (S.D. Cal. 2001).

Even assuming everything in Plaintiff's declaration is true, he nonetheless fails to exhaust administrative remedies. The regulations required Plaintiff to submit his appeal to the appeals coordinator. Cal. Code Regs. tit. 15, § 3084.2(c). Instead, he submitted it to "Calipatria Transportation Officers." (Decl. of Pl. ¶¶ 3-4, 7.) The regulations required Plaintiff to appeal to the appeals coordinator within fifteen working days of the event being appealed. Cal. Code Regs. tit. 15, §§ 3084.2(c), 3084.6(c). Instead, Plaintiff filed his first appeal on August 10, 2007, almost a month after the July 18, 2007, incident. (Decl. of Pl. ¶ 5.) Plaintiff shows further evidence that he filed two more appeals that were somehow received by the appeals coordinator - on September 22, 2007, and on November 12, 2007. (*Id.* at ¶¶ 6, 9, Ex. C, Ex. E.) However, neither of these appeals contains any information to corroborate the existence of his previous attempts to appeal. (*Id.*) For example, Plaintiff does not complain that his previous appeals have gone unanswered. Additionally, the documents entitled "Requests for Interview" contain no information indicating anyone, other than Plaintiff, even saw them. (*Id.* at Ex. A, Ex. B, and Ex. D.)

In any event, Plaintiff failed to file an appeal utilizing the proper procedures prior to the deadline. Therefore, in light of the holding in *Woodford v. Ngo*, Plaintiff has failed to exhaust his administrative remedies and this case should be dismissed. *Woodford* at 458 U.S. 89. Moreover, because the deadlines to appeal have expired, this case should be dismissed *with prejudice*. *See Janoe v. Garcia*, 2007 WL 1110914. at * 8-9. (S.D. Cal. March 29, 2007).

//

Plaintiff cites to several court cases in an attempt to excuse his failure to exhaust. However, all cases are: (1) distinguishable, and (2) cases this Court is not bound by. First, Plaintiff cites *Brookins v. Vogel*, 2006 WL 3437482 (E.D. Cal.). In this case, the plaintiff prisoner claimed he filed a timely inmate appeal that was somehow not received by the appeals coordinator. *Id.* at * 2. However, the defendants in that case submitted no evidence whatsoever to dispute Plaintiff's claims. *Id.* at * 3. In the case at hand, Defendant has submitted evidence proving Plaintiff's failure to file a timely appeal. Moreover, Plaintiff's own evidence, at least the evidence bearing stamps that it was actually received by someone at the prison, shows he failed to complain that his prior appeals went unanswered. Additionally, Plaintiff admits he failed to file an appeal to the appeals coordinator - as required by the rules - within the fifteen day deadline. (Decl. of Pl. ¶¶ 3-5.)

Next, Plaintiff cites *Parker v. Robinson*, 2006 WL 2904780 (D. Me.). In the *Parker* case, the prisoner plaintiff's grievance was denied because he forwarded it to the wrong party. *Id.* at * 2. The court denied defendants' exhaustion defense by reasoning that although the plaintiff made a procedural mistake, they found he was not doing so in an attempt to thwart the process. *Id.* at * 11-12. However, in *Parker* there was no dispute that the plaintiff timely filed his initial appeal. *Id.* at * 2. Here, Defendant *does* dispute whether Plaintiff filed a timely appeal. If the Court were to accept Plaintiff's allegations in this case, any plaintiff prisoner that failed to timely appeal, could easily argue that they accidentally appealed to the wrong person - without any evidence that was the case. The only actual appeals (not requests for interview) attached to Plaintiff's declaration bear dates in September and November - way beyond the appeal deadline.

In an additional attempt to excuse his compliance with the exhaustion process, Plaintiff cites *Thomas v. Hickman*, 2006 WL 2868967 (E.D. Cal.). In this case there was no dispute between the parties regarding the evidence of exhaustion. *Id.* at * 7. Instead, the dispute was regarding the timeliness of a medical appeal that was *discovered* after the fifteen-day deadline had expired. *Id.* at * 8-9. Here, Plaintiff makes no argument that he did not discover his medical

//

injuries until after the fifteen-day deadline to appeal it had expired. Thus, this case is factually inapplicable.

Finally, Plaintiff cites *Hooks v. Rich*, 2006 WL 565909 (S.D. Ga.). In this case, the issue was whether the prisoner plaintiff's appeal was factually sufficient to exhaust the claims before the court. *Id.* at * 4. The issue in the case at hand is not whether Plaintiff's appeal is factually sufficient, but is whether it was timely. Therefore, this case is also distinguishable and therefore, inapplicable to the case at hand.

## CONCLUSION

In conclusion, Defendant respectfully requests this Court grant the Motion to Dismiss because Plaintiff failed to exhaust his administrative remedies. Plaintiff failed to follow the proper procedures and file a timely appeal. Therefore, this case should be dismissed with prejudice.

Dated: September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

MICHELLE DES JARDINS
Supervising Deputy Attorney General


s/Tiffany R. Hixson


TIFFANY R. HIXSON
Deputy Attorney General
Attorneys for Defendant R. Hueso

TRH:mtl

70135814.wpd
SD2008700629

1

2 **CERTIFICATE OF SERVICE BY U.S. MAIL**

3

4  Case Name:    Medina, Stephen Escondon v. R. Hueso, et al.

5  Case No.:     **08CV0896 JLS RBB**

6  I declare:

7  I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

11  On September 8, 2008, I served the following documents:

12  **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

13  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

15  **Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

17  **Stephen Escondon Medina**
**E-63667**
**Calipatria State Prison**
**P. O. Box 5005**
**7018 Blair Road**
**Calipatria, CA 92233-5005**

In Pro Per

22  I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 8, 2008, at San Diego, California.

M. Torres-Lopez                                    /s/ M. Torres-Lopez
——————————————————            ——————————————————
       Declarant                                        Signature

SD2008700629
70135909.wpd